IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 21, 2009 Session

## GRAND VALLEY LAKES PROPERTY OWNERS' ASSOCIATION, INC.
### v.
## HAROLD R. GUNN AND PATSY R. GUNN

An Appeal from the Circuit Court for Hardeman County
No. 9573     J. Weber McCraw, Judge

No. W2008-01116-COA-R3-CV - Filed April 13, 2009

This is an appeal from the grant of a voluntary dismissal. The plaintiff homeowners' association sued the defendants in general sessions court for dues owed. The homeowners' association was awarded a judgment. The defendants appealed to the circuit court below, seeking a *de novo* hearing. For several years, the appeal remained pending with no activity. In the meantime, the defendants sold the subject property. The judgment due to the homeowners' association was paid by the purchaser of the subject property to remove any cloud on the title. Having been paid, the homeowners' association filed a notice of satisfaction of judgment in the circuit court. The defendants filed a motion to set aside the satisfaction of judgment. The circuit court entered an order dismissing the defendants' appeal. The circuit court later denied the defendants' motion to set aside the satisfaction of judgment. From that order, the defendants now appeal. We find that the circuit court order is not final and appealable. Therefore, we dismiss the defendants' appeal for lack of jurisdiction.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal is
### Dismissed for Lack of Jurisdiction

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, J. and J. FRANKLIN MURCHISON, SP. J., joined.

Harold Gunn, Humboldt, Tennessee, *pro se*, and for the appellant, Patsy Gunn.

George R. Fusner, Jr., Brentwood, Tennessee, for the appellee, Grand Valley Lakes Property Owners' Association, Inc.

**OPINION**

In 1991, Charles and Ann Halford ("the Halfords") purchased real property from Defendants/Appellants Harold and Patsy Gunn ("the Gunns") under an installment contract. In the installment sales contract, the Gunns warranted that they would convey the property to the Halfords free and clear of all encumbrances. In 2004 or early 2005, the Gunns accepted the final installment payment from the Halfords and conveyed the property to the Halfords by warranty deed. Like the installment contract, the deed warranted that the property was conveyed free and clear of all encumbrances.[1]

Meanwhile, in 2002, Plaintiff/Appellee Grand Valley Lakes Property Owners' Association, Inc. ("Grand Valley"), filed an action in the Hardeman County General Sessions Court against the Gunns for dues and water availability charges related to the subject property in the amount of $3,695.49. On December 3, 2002, Grand Valley obtained a judgment against the Gunns in the general sessions court. The judgment was filed as a lien on the subject property, which was being purchased by the Halfords under the installment contract. The Gunns appealed the judgment to the circuit court below under docket number 9573. For several years, the Gunns did not prosecute the appeal, and the case languished on the circuit court's docket until the proceedings giving rise to this appeal.

After obtaining title to the subject property, the Halfords sought to sell the property to a third party. In doing so, they discovered the 2002 judgment lien. In order to sell the property, the Halfords placed $8,000 in escrow as an assurance to the third-party buyer that the lien would be removed or paid. The Halfords then sued Mr. Gunn in a separate action in general sessions court for breach of the covenant against encumbrances in the warranty deed. The Halfords prevailed, obtaining a judgment in their favor against Mr. Gunn for the amount of the encumbrance, which by that time was $4,853.81, plus interest.

Mr. Gunn appealed the Halfords' general sessions judgment to the circuit court for a trial *de novo*. The circuit court granted summary judgment in favor of the Halfords but denied the Halfords' request for attorney's fees.

Mr. Gunn then appealed the Halfords' circuit court judgment to this Court. We affirmed the judgment in favor of the Halfords, but reversed the denial of their request for attorney's fees. We also granted the Halfords' request for attorney's fees on appeal and remanded the case to the trial court to for a determination of a reasonable amount of trial and appellate attorney's fees. ***Halford v. Gunn***, No. W2006-02528-COA-R3-CV, 2007 WL 2380300, at *6 (Tenn. Ct. App. Aug. 22, 2007). Mr. Gunn sought to appeal further, and the Tennessee Supreme Court denied Mr. Gunn's application for permission to appeal.

Having secured their judgment against Mr. Gunn, the Halfords then paid Grand Valley the amount owed by the Gunns in satisfaction of the December 3, 2002 judgment lien on the subject

---

[1]A more detailed account of the background facts in this case is set out in the case of ***Halford v. Gunn***, No. W2006-02528-COA-R3-CV, 2007 WL 2380300 (Tenn. Ct. App. Aug. 22, 2007).

property, presumably in order to remove any cloud on the title for the benefit of the third-party purchaser. Accordingly, on January 14, 2008, Grand Valley filed a pleading in the circuit court below entitled "Satisfaction of Judgment as to Harold R. Gunn and Patsy R. Gunn." In the pleading, Grand Valley stated that it "hereby releases and discharges said judgment lien as to all property of the said Harold R. Gunn and Patsy R. Gunn . . . ." Thus, Grand Valley notified the circuit court that the judgment from which the Gunns appealed had been satisfied and, in essence, sought to voluntarily dismiss the lawsuit against the Gunns.

Apparently dissatisfied with the voluntary dismissal of Grand Valley's lawsuit against them, on January 22, 2008, the Gunns filed a "Motion to Se[t] Aside Satisfaction of Judgment and Have Said Monies Paid to the Clerk."[2] The Gunns claimed that the monies paid by the Halfords in satisfaction of the judgment should not have been paid directly to Grand Valley. Rather, the Gunns asserted, the Halfords should have paid the monies into escrow with the clerk of the court, because the December 3, 2002 judgment in favor of Grand Valley was not final, as the matter was still pending on appeal from general sessions court.

Two days later, on January 24, 2008, the circuit court entered an order dismissing the case based the satisfaction of Grand Valley's judgment. In that order, the circuit court did not assess costs to either party, and it did not directly address the Gunns' motion to set aside the satisfaction of judgment.

On May 2, 2008, Grand Valley filed a response in the circuit court to the Gunns' motion to set aside the satisfaction of judgment, challenging the Gunns' assertion that the monies should have been paid into escrow. In addition, Grand Valley asked the circuit court to award it "all its cost[s], discretionary costs, and that it be awarded attorney's fees for defending clearly frivolous and unfounded litigation."

On May 5, 2008, the circuit court heard arguments on Gunns' motion to set aside Grand Valley's satisfaction of judgment.[3] On May 12, 2008, the circuit court issued an order denying the Gunns' motion and taxing costs to the Gunns. The trial court did not adjudicate Grand Valley's request for attorney's fees. From this order, the Gunns now appeal.

As a threshold issue, Grand Valley argues that the Gunns' appeal is untimely, because the final order from which the appeal should have been taken is the order entered on January 24, 2008, dismissing Grand Valley's lawsuit against the Gunns.[4] Although the trial court subsequently heard the arguments raised in the Gunns' motion to set aside the satisfaction of judgment, Grand Valley argues, it was without jurisdiction to do so. Because the Gunns filed their appeal on May 23, 2008,

---

[2]At all times, the Gunns have been represented by Mr. Gunn, who is an attorney.

[3]A transcript of this hearing is not included in the record on appeal.

[4]Grand Valley previously filed with this Court a motion to dismiss based on its position that the appeal was untimely. By order entered on October 21, 2008, we denied that motion but held that Grand Valley was not precluded from raising this argument in its appellate brief.

more than thirty days after the entry of the January 24, 2008 order, the appeal was untimely. The Gunns' brief does not contain a response to this argument.

Rule 3 of the Tennessee Rules of Appellate Procedure provides that, "[e]xcept as provided in [Tennessee Rule of Appellate Procedure] Rule 9 and in Rule 54.02 Tennessee Rules of Civil Procedure, if multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties" is not final or appealable. Rule 54.02 of the Tennessee Rules of Civil Procedure also addresses this issue, stating that, unless the order otherwise provides in accordance with the Rule:

> any order . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

Except where otherwise provided, this Court only has subject matter jurisdiction over final orders. *See Bayberry Assoc. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990).

From our review of the record, it appears that the circuit court's January 28, 2008 order did not assess the costs of this matter to either party. Consequently, that order did not adjudicate all the rights and liabilities of the parties, was subject to revision, and was not the final order in this cause. Therefore, we reject Grand Valley's argument that the Gunns' appeal is untimely.

This conclusion, however, does not end our inquiry. The Gunns' notice of appeal was filed within thirty days of the circuit court's May 12, 2008 order. In the May 12 order, however, the circuit court did not resolve Grand Valley's request for attorney's fees contained in Grand Valley's response to the Gunns' motion to set aside the satisfaction of judgment. As we have stated, except as otherwise permitted in Rule 9 and in Rule 54.02, an order adjudicating fewer than all the claims of the parties is not a final, appealable order. Tenn. R. App. P. 3(a); Tenn. R. Civ. P. 54.02. Because the trial court did not resolve this issue in the May 12, 2008 order, the order is not final and appealable.[5] *See Fink v. Crean*, No. M2005-01364-COA-R3-CV, 2006 WL 3783541, at *5 (Tenn. Ct. App. Dec. 21, 2006) (holding that the trial court's order that did not resolve the attorney's fee issue was not final and appealable); *Scott v. Noland Co.*, No. 03A01-9407-CV-00248, 1995 WL 11177, at *1 (Tenn. Ct. App. Jan. 12, 1995) (dismissing appeal because amount of attorney's fees granted had not been resolved by the trial court).

We would like nothing more than to bring about a final resolution of this litigation. Alas, it is not to be. Based on our review of the record before us, we must hold that the May 12, 2008

---

[5]In its appellate brief, Grand Valley requests that this Court award it all of its costs and "reasonable attorney fees incurred both in the Circuit Court and in this Court . . . ." While we are permitted to review the trial court's decision regarding an award attorney's fees incurred at the trial court level, we cannot grant such fees in the first instance; such fees must be requested, and that request must first be resolved by the trial court.

order, from which the Gunns have appealed, is not a final, appealable order. For this reason, we must remand the matter to the circuit court.

The appeal is dismissed and the cause is remanded for further proceedings not inconsistent with this Opinion. Costs on appeal are to be taxed equally to Appellants Harold R. Gunn and Patsy R. Gunn, their surety, and to Appellee Grand Valley Lakes Property Owners Association, Inc., for which execution may issue, if necessary.

_____
HOLLY M. KIRBY, JUDGE